**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAEL HULL-JUSAINO,

      Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

      Respondent.

No. 25-4142

Agency No.
A205-930-886

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

    Petitioner Rafael Hull-Jusaino is a native and citizen of Mexico.  He seeks

review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal

of the Immigration Judge's ("IJ") determination that Hull-Jusaino abandoned his

---

      \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      \*\*     The panel previously granted Respondent's motion to submit this case
on the briefs and record (Dkt. No. 40).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") due to his failure to submit biometrics as required by governing regulations. *See* 8 C.F.R. § 1003.47(c). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"An IJ's decision to deem an asylum application abandoned is reviewed for abuse of discretion." *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021). We also review the denial of a continuance for abuse of discretion. *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023). We review de novo due process challenges to immigration proceedings. *Id.* at 1047.

1. The IJ did not abuse her discretion in finding Hull-Jusaino's applications abandoned for failure to submit the required biometrics. The governing regulation provides that "[f]ailure to file necessary documentation and comply with the requirements to provide biometrics . . . within the time allowed by the [IJ]'s order[] constitutes abandonment of the application[,] and the [IJ] may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause." 8 C.F.R. § 1003.47(c); *see also* 8 C.F.R. § 1208.10 (similar).

Here, Hull-Jusaino was served biometrics instructions on the record at the October 8, 2019, hearing while accompanied by his counsel. The IJ also issued a scheduling order that notified Hull-Jusaino of the biometrics requirements, citing 8

25-4142

C.F.R. § 1003.47(d). The scheduling order warned that the Immigration "Court may deem the application abandoned" for failure to comply with the biometrics requirements. The IJ explicitly advised Hull-Jusaino's counsel to "make sure the biometrics are done" by March 11, 2020. By the final hearing, Hull-Jusaino had been on notice of the biometrics requirement for 14 months but did not request a continuance. In such circumstances, the IJ did not abuse her discretion in deeming Hull-Jusaino's applications abandoned. *See Gonzalez-Veliz*, 996 F.3d at 948 (finding no abuse of discretion where "the IJ twice warned" the petitioner in the same hearing "that if she did not provide her biometrics before the next hearing her application would be deemed abandoned").

Hull-Jusaino argues that he established good cause for a continuance because he had difficulty scheduling a biometrics appointment due to the COVID-19 pandemic and DHS already possessed his fingerprints from his 2013 time in custody and several employment-authorization renewals. As an initial matter, Hull-Jusaino never requested a continuance before the IJ to complete the biometrics requirements. Even if Hull-Jusaino had requested a continuance, he has not established good cause. Hull-Jusaino's biometrics were due on March 11, 2020, largely prior to the COVID-19 pandemic-related closures of the biometrics offices. Additionally, Hull-Jusaino's argument that DHS already had his fingerprints overlooks other administrative requirements in the biometrics

instructions such as Hull-Jusaino's photograph and signature.[1]

2. Hull-Jusaino argues that he is entitled to equitable tolling on the biometrics deadline. Because we agree with the government that Hull-Jusaino failed to exhaust this argument as required under 8 U.S.C. § 1252(d)(1), we do not consider it on appeal.[2] *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**[3]

---

[1] Hull-Jusaino's due process claim fails for the same reason. *See Gonzalez-Veliz*, 996 F.3d at 949 (rejecting due process challenge because IJ gave proper notice of biometrics requirement); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring agency error to establish a violation of due process).

[2] In reply, Hull-Jusaino for the first time argues that the BIA erred in applying the abandonment of his asylum application to his withholding of removal and CAT claims. Because Hull-Jusaino did not raise this argument in his opening brief, he has not preserved it for review. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020). We deny the Government's motion to strike as moot (Dkt. No. 36).

[3] The stay of removal (Dkt. Nos. 2, 15) will dissolve upon the issuance of the mandate.